UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

UNITED STATES OF AMERICA,


                -against-                              20 CR 579-001 (RA)


SAWTANTER DHALIWAL,

                Defendant.
------------------------------------------------------------- X




**SENTENCING MEMORANDUM (LETTER)**




**Attorneys for Sawtanter Dhaliwal**

JOSEPH CALDARERA, ESQ.
LAW OFFICES OF ROBERT TSIGLER
Phone: (718) 878-3781
Direct: (718) 701-2272
Fax:    (212) 748-1606
*joseph@TsiglerLaw.com*



OFFICE: (718) 878-3781 • FACSIMILE: (212) 748-1606 • INFO@TSIGLERLAW.COM • WWW.TSIGLERLAW.COM
299 BROADWAY, SUITE 1400, NEW YORK, NY, 10007

January 10, 2022

- <u>Filed via ECF</u> -

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:**   U.S. v. Sawtanter Dhaliwal, 20 CR 579-001 (RA)
<u>Letter in Aid of Sentencing</u>

Dear Judge Abrams:

This letter is submitted pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure on behalf of Mr. Dhaliwal, in anticipation of his sentencing scheduled for January 28, 2022, and in an effort to aid the Court in the determination of the appropriate and reasonable sentence to be imposed upon him. As discussed more fully below, Mr. Dhaliwal respectfully requests that the Court impose a total sentence of twenty-four months. Should the court decide to impose a period of supervised release, we respectfully ask that such period be for one year.

Further, Mr. Dhaliwal asks that the court consider recommending that the Bureau of Prisons ("BOP"), when designating a facility for his imprisonment, make efforts to choose a location within the tri-state area so that his wife may visit him with some regularity and limited difficulty to her. Lastly, he respectfully requests that he be allowed to self-surrender to any BOP

facility ultimately designated.

In applying factors pursuant to Title 18 U.S.C. § 3553(a), the proposed total sentence of twenty-four months of imprisonment in addition to a period of supervised release which may likely become moot given Mr. Dhaliwal's potential deportation, as well as the restitution amount of $182,000.00, is sufficient but not greater than necessary to comply with the sentencing objectives described in Title 18 U.S.C § 3553(a), as well as in *Booker* and its progeny. Such a sentence is not only appropriate, but is just and fair.

## **Procedural History**

Forty-four year-old Sawtanter Dhaliwal was arrested on October 21, 2020, and charged in Queens County Criminal Court with having committed Grand Larceny in the Second Degree (P.L. § 155.40) alleging that he stole or took property valued greater than $50,000, but equal to or less than $1,000,000. He was then arrested and presented immediately in the United States District Court for the Southern District of New York. Dhaliwal was never presented in Queens County Criminal Court for arraignment or other proceedings there. He appeared pursuant to a writ on the underlying sealed complaint (20 MAG 10906; ECF Dkt. 1) charging him with Access Device Fraud (Title 18, United States Code, Sections 1029(a)(5) and 2) and Aggravated Identity Theft (Title 18, United States Code, Sections 1028A(a)(1) and (b), and 2). Id.

Following presentment and detention in SDNY, he was released six months later on April 27, 2021, on a $150,000 unsecured bond co-signed by two FRPs with the following conditions: home detention enforced with location monitoring (approved to self-install equipment at direction of Pretrial); surrender passport(s) and no new applications; travel restricted to SDNY/

EDNY; no contact with victims or witnesses; do not possess personal identification of others; do not open any new lines of credit; obtain and maintain employment approved by Pretrial Services; allow assessment for any third-party risks (if current business allows for access to the personal information of others than refrain from that business); comply with Immigration; do not possess any firearms, any weapons, or destructive devices; and pretrial supervision as directed. Dhaliwal has kept all court appearances and has been in compliance with all terms and conditions of his pretrial release.

Pursuant to a plea agreement, Mr. Dhaliwal entered a guilty plea to Count Two (Aggravated Identity Theft) of the Indictment on October 12, 2021. The plea agreement provides for a mandated statutory sentence of 24 months (18 U.S.C. § 1028A;  U.S.S.G. § 2B1.6). The plea agreement does not permits either party to seek a non-guideline sentence based upon factors outlined in 18 U.S.C. § 3553(a).

### The Pre sentence Report

Mr. Dhaliwal does not have any objections material to the guideline calculation. Objections and factual corrections to the PSR were submitted to Probation by the parties on December 8, 2021 (defendant) and December 27, 2021 (government). The PSR is consistent with the plea agreement that Mr. Dhaliwal is in Criminal History Category I with zero (0) Criminal History Points and with a mandatory 24- month sentence as to Count Two. This 24-month sentence must run consecutively to any term of imprisonment imposed on any other Count.

### Defendant's Participation in the Instant Offense

Mr. Dhaliwal recognizes and acknowledges that he violated the law and he makes no

excuses for his involvement. He has readily accepted responsibility for his conduct, thereby

assisting the government in the timely prosecution of his own conduct which allowed for the

court and the government to allocate well-needed resources elsewhere. By pleading guilty, Mr.

Dhaliwal has also accepted responsibility to make restitution in the amount of $182,000.00 and

in addition to a mandatory term of imprisonment of at least 24 months on the instant case, there

is the reasonable possibility that he will be deported back to his native country of India.

Combined, these constitute a substantial over-all punishment for his crimes.

### Imposition of a Non-Guideline Sentence

Mr. Dhaliwal respectfully requests that since the United States Sentencing Guidelines are

not mandatory and should not be applied to the exclusion of other compelling and important

factors, that the Court impose an individualized sentence consistent with all of the factors set

forth in Title 18 U.S.C. § 3553(a), *Gall v. United States*, 128 S.Ct. 586 (2007), *Kimbrough v.

United States*, 128 S. Ct. 558 (2007); *United States v. Booker*, 125 S.Ct. 738 (2005), and *United

States v. Cavera*, 550 F.3d 180 (2d. Cir. 2008).

This Court has the discretion in imposing a sentence free of the mechanical application of

a sentencing scheme, which does not take into consideration the compelling factors of the

individual appearing before the court and which are relevant in fashioning an appropriate type

and length of sentence for an individual. As noted in *United States v. Cavera*, the Court must not

presume that the Guidelines sentence is reasonable, but "must instead conduct its own

independent review of the sentencing factors, aided by arguments of the prosecution and the

defense." *Cavera*, at 189.

In *United States v. Koon*, 518 U.S. 81, 113 (1996), the court stated that "it has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case a unique study in human failings that sometimes mitigate ... the crime and punishment to ensue." Consistent with *Koon*, the Second Circuit has further observed that:

> [a]though the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentence under all circumstances.

*United States v. Jones*, 460 F.3d 191, 195 (2d. Cir. 2006).

We contend that a sentence of a total of twenty-four months under all of the circumstances is just and fair and is an appropriate disposition in the matter at bar. Mr. Dhaliwal had been detained for nearly 6 months following his arrest here. By his conviction on the instant indictment for count 2, he faces a mandatory twenty-four month sentence.

Mr. Dhaliwal urges the Court that in making an individualized assessment of him and by applying the § 3553(a) factors, that a reasonable sentence of a total of twenty-four months is sufficient but not greater than necessary to comply with the sentencing objectives described in Title 18 U.S.C § 3553(a), as well as following the directive in *Booker* and its progeny is not only appropriate, but is just and fair.

Accordingly, counsel believes that when considering the restitution amount of $182,000.00 he must make pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664,  Mr. Dhaliwal faces a significant sentence *in toto* and in applying the § 3553(a) factors and giving due consideration to what is fair and just, a sentence of twenty-four (24) months of incarceration,

U.S. v. Sawtanter Dhaliwal, 20 CR 579-001 (RA)
<u>Letter in Aid of Sentencing</u>
Page 6

followed by a period of supervision, is sufficient but not greater than necessary to comply with the sentencing objectives described in Title 18 U.S.C § 3553(a), as well as in *Booker* and its progeny.  Such a sentence is not only appropriate, but would serve the ends of justice.

### § 3553(a)(1) - The Nature and Circumstance of the Offense and the History and Characteristics of the Defendant

Mr. Dhaliwal was convicted of Aggravated Identity Theft for using, and aiding and abetting the use of, the names and credit card numbers of at least 2 other people in connection with the access device fraud charged in Count 1.

Dhaliwal knew his conduct to be illegal when he did so. At the time he was engaged in the commission of these crimes, Dhaliwal did not fully appreciate the impact of his actions resulting in the instant charge because he lacks insight. Now that he has had time to reflect upon what he has done and how his conduct has put a strain on his wife and how his absence has and will impact her, as well as the impact on the people in the misuse of their identities, Dhaliwal feels a sense of shame and failure in the eyes of his wife and spiritual community. He regrets that his actions will result in his wife's need to fend for herself emotionally and economically and who will now be missing the companionship of her husband.

### Mr. Dhaliwal's Personal History and Characteristics

Born in Punjab, India in 1977, Sawtanter Singh Dhaliwal is the oldest of two (2) children born to the marital union of Prem Singh and Manjit Kaur. His mother still resides there, while his father died at the approximate age of 40 in 1989. Dhaliwal claims that that his father was kidnapped and murdered in India because he was supporting a particular political party, but he

has no additional information regarding the incident. A family of agricultural background, his mother continues to work on the family's farm to support herself financially. Dhaliwal's sister, Surinder Kaur, age 38, resides in Punjab, India, and works for the Indian Government. He and his sister were closer when he was younger, but they have not seen each other since he came to the United States in 1992.

Dhaliwal entered the United States on 1992 after flying here alone from India. He left India because after his father was kidnapped and murdered, his mother and family were concerned about his wellbeing. Immigration and Customs Enforcement records do not include a date of entry for Dhaliwal and a final order of removal date was listed as October 27, 1998. This case is being tracked for future enforcement, which may likely lead to his deportation upon completion of any sentence of imprisonment imposed. Dhaliwal had applied for permanent residency in the United States in 2017 and that the case remains pending.

Owing in part to having the equivalent of only a high school education obtained in his country and a lack of other vocational or special skills, Dhaliwal found it difficult to find steady or meaningful employment in the United States. After working as a gas station attendant for a time, he attempted self-employment as a construction laborer. Dhaliwal's tax returns reflect that he earned $23,885 in 2018 from construction, $18,500 in 2019 from self-employed construction, and $3,000 in 2020.

Dhaliwal has been in a relationship with Merina Parajuli, age 36, for about eight years. They married on January 19, 2017, in Queens, New York and have no children. Ms. Parajuli works on average thirty hours per week as an airport security supervisor. According to 2020 tax

returns, Ms. Dhaliwal earned $26,400. Ms. Parajuli suffers from diabetes and a thyroid issue. After his arrest for the instant offense, she began suffering from depression and is currently prescribed medication. Although she was upset and surprised by his arrest, they remain committed to each other and plan to live with each other after his incarceration. Ms. Parajuli related that the defendant has always cared for her and been there for her when she needed him, specifically during a time when she had a biopsy before their marriage for lymphoma and his assistance while she deals with other medical issues including diabetes and a thyroid problem. She admits that after he was arrested and incarcerated here, she began seeing a therapist and was treated for depression with Fluoxetine medication.

Ms. Parajuli is the only family he has, and will likely be the only person to visit him during any period of incarceration. Because she does not drive or own a car, traveling to any BOP facility will be difficult and limit the frequency with which she can see him.

Mr. Dhaliwal hopes that this court will not define his life by his conviction because he is so much more than the crimes he has committed. He has had time to reflect on his actions, and vows never again to put himself in a situation where he could be imprisoned. He has the support of his wife and believes that but for her love and devotion, his separation and isolation would be more tortuous.

Mr. Dhaliwal recognizes that his crime is not victimless and that his action caused people to suffer. He notes that no violence was involved and no one was physically harmed. In asking for leniency, he respectfully ask the court to consider the proposed sentence as an appropriate and just sentence, given all of the circumstances.

## § 3553(a)(2) The Need for the Sentence Imposed

(A)     To Reflect the Seriousness of the Offense, to Promote Respect for the
        Law, and to provide Just Punishment for the offense;

We contend that the proposed sentence will reflect the seriousness of the offense, will

promote respect for the law and will provide just punishment and accomplishes all of the goals

and objectives of this § 3553 factor. In addition to the proposed 24-month sentence, Mr. Dhaliwal

is liable for $182,000.00 in restitution and has a real possibility of being deported, leaving his

wife behind, with whom he shares a committed relationship.  A sentence of 24 months of

incarceration given the facts and circumstances of this case, as well as the nature of the crime, is

more than sufficient to punish Mr. Dhaliwal.

(B)     To Afford Adequate Deterrence to Criminal Conduct and (C) to Protect
        the public from further crimes of the defendant;

After Mr. Dhaliwal completes his sentence of imprisonment, he will likely be subject to

deportation.  Accordingly, he will not have the opportunity to commit any further crimes and the

public will be protected. Punishment should not be more severe than necessary to satisfy the

goals of punishment. *U.S. v. Carvajal*, 2005 WL 476125, at 6, 2005 U.S. Dist. LEXIS 3076, at

*15-16 (S.D.N.Y. 2005).

(D)     To Provide the Defendant with the needed educational training,
        medical care, or other correctional treatment in the most effective manner;

While incarcerated, Mr. Dhaliwal desires to avail himself of all opportunities that can

enhance his limited skills. He would certainly benefit from educational programs in order to

obtain a GED, as well as vocational skills training.

**Conclusion**

For all of the foregoing reasons, it is respectfully requested that a sentence of twenty-four months of incarceration, in addition to the fact that he likely will be deported, as well as his liability for $182,000.000 in restitution, is a reasonable and appropriate sentence, which is not sufficiently greater than necessary to achieve the goals of Title 18 U.S.C. § 3553(a).

Mr. Dhaliwal also asks that the court recommend that the Bureau of Prisons, when designating a facility for his imprisonment, make efforts to choose a location within the tri-state area so that his wife may visit him with some regularity and limited hardship to her. Lastly, he respectfully requests that he be allowed to self-surrender to any BOP facility ultimately designated.

Thank you for your consideration and attention to this matter.

**Dated:**   New York, NY
            January 10, 2022

                    Respectfully submitted,

                    */s/    Joseph Caldarera*
                    JOSEPH CALDARERA, ESQ.
                    LAW OFFICES OF ROBERT TSIGLER
                    *Attorneys for Defendant*
                    Phone: (718) 878-3781
                    Direct: (718) 701-2272
                    Fax:    (212) 748-1606
                    joseph@TsiglerLaw.com

cc:     AUSA Matthew J. King (via E.C.F.)

                                        U.S. v. Sawtanter Dhaliwal, 20 CR 579-001 (RA)
                                        Letter in Aid of Sentencing